IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LUIS FERNANDO HERRERA-ANDY, | * | |
| Petitioner, | * | |
| | * | Civ. No.: MJM-26-1634 |
| v. | * | |
| VERNON LIGGINS, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Luis Fernando Herrera-Andy's ("Petitioner")

Motion to Enforce. ECF No. 27. The motion is fully briefed, and no hearing is necessary to resolve

it. *See* Loc. R. 105.6 (D. Md. 2025).  For reasons explained herein, the motion is denied.

I.     **BACKGROUND**

Petitioner is a citizen and national of Ecuador and not a citizen of the United States. In

March 2024, Petitioner entered the United States without inspection through the U.S.–Mexico

border and was detained by officers of the Department of Homeland Security ("DHS"). DHS

eventually released Petitioner and initiated removal proceedings against him. Petitioner then

moved to Maryland and later obtained immigration counsel. In July 2024, Petitioner filed an I-589

application for asylum and for withholding of removal.

In June 2025, Petitioner was charged with attempted murder and arrested in Baltimore

County, Maryland. U.S. Immigration and Customs Enforcement ("ICE") lodged a detainer.

Following a jury trial in April 2026, Petitioner was acquitted and released from state custody. ICE

immediately detained Petitioner upon his release.

On April 24, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus in this Court. ECF No. 1. Petitioner was transferred out of the district the following day. On May 8, 2026, Petitioner, through counsel, filed an amended habeas petition challenging the legality of his detention under the Due Process Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. ECF No. 16. Respondents filed a response and motion to dismiss the amended petition, ECF No. 19, and Petitioner filed a reply in support of the amended petition, ECF No. 20.

On May 21, 2026, the Court conducted a hearing on the amended petition and entered an Order granting the amended petition in part. ECF No. 23 ("May 21st Order"). The Court found that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a) and therefore entitled to "a bond hearing pursuant to the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d)." *Id.* The May 21st Order directed that Petitioner receive a bond hearing within 10 days of his request in immigration court, and the Court retained jurisdiction to enforce the Order. *Id.*

The following day, Petitioner, through counsel, filed a motion for a bond redetermination hearing with the immigration court in Oakdale, Louisiana. On May 26, 2026, an Immigration Judge ("IJ") entered an order of removal directing Petitioner's removal to Ecuador and denying his application for asylum and withholding of removal. ECF No. 27-2. Petitioner subsequently submitted about 100 pages of evidence in support of his request for bond. ECF No. 27-1.

A different IJ conducted a bond hearing on May 29, 2026. *See* ECF No. 27-3. After hearing oral argument and engaging in an extensive colloquy with Petitioner's counsel, the IJ declined to find that Petitioner presented a danger to the community but did find that he was a flight risk and denied bond on that basis. *Id.*; *see also* ECF No. 27-5. Specifically, the IJ noted that Petitioner was now subject to a final order of removal and his asylum application was denied, reasoning that

2

Petitioner may not return to immigration court "knowing that [he is] going to be removed unless [his] appeal gets granted and they reverse the decision." ECF No. 27-3 at 9–10.

On June 15, 2026, Petitioner filed the pending Motion to Enforce in this Court, requesting immediate release from custody notwithstanding the IJ's denial of bond. ECF No. 27. Petitioner argues that the IJ's order denying bond violated this Court's May 21st Order in two ways: (1) the IJ decided to deny bond based on a single "non-dispositive" factor; and (2) the IJ failed to determine a monetary bond amount to address concerns about Petitioner's risk of flight. *Id.* at 5–9. Respondents oppose the motion, arguing that the Court lacks jurisdiction to review the IJ's denial of bond and the bond hearing Petitioner received complied with the May 21st Order and the requirements of due process. ECF No. 28. Petitioner filed a reply attempting to rebut Respondents' arguments and the weight of persuasive authorities cited in support of those arguments. ECF No. 29.

## II.    DISCUSSION

Petitioner's motion is denied because this Court lacks jurisdiction under 8 U.S.C. § 1226(e) to review or set aside the IJ's decision to deny bond, and, in any case, Petitioner fails to demonstrate that he has been denied due process.

As argued in Respondents' opposition, ECF No. 28, this Court is precluded by statute from reviewing the immigration court's bond decision. Title 8, United States Code, Section 1226(e) plainly states: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." This provision does not deprive federal district courts of jurisdiction to hear challenges to "the statutory framework that permits his detention without bail[,]" *Demore v. Kim*, 538 U.S.

3

510, 517 (2003), but it does "forbid review of the Attorney General's actions and decisions in individual proceedings[,]" *Miranda v. Garland*, 34 F.4th 338, 353 (4th Cir. 2022).

Here, Petitioner does not challenge the statutory and regulatory framework governing the process through which the immigration court denied him bond. He challenges the bond denial made by the immigration court in his particular case and now asks this Court to order his immediate release. *See* ECF No. 27 at 5–9, To order Petitioner's release would necessarily "set aside" the discretionary decision by the immigration court on behalf of the Attorney General regarding Petitioner's detention. This relief is foreclosed by § 1226(e); this Court simply lacks the authority to grant it. Other judges of this Court have come to the same conclusion. *See Chavez de Vasquez v. Baker*, Civ. No. SAG-25-3657, 2025 WL 3713773 (D. Md. Dec. 23, 2025); *Flores Hernandez v. Noem*, Civ. No. JRR-26-423 (Feb. 24, 2026); *Santos Garcia v. Baker*, Civ. No. GLR-26-616 (D. Md. Mar. 9, 2026); *Pinto-Nunez v. Bondi*, Civ. No. MJM-26-397, 2026 WL 672770 (D. Md. Mar. 10, 2026); *Molina Cruz v. Bondi*, No. 1:26-CV-00697-PX, 2026 WL 1291892 (D. Md. May 12, 2026); *Blanco De Villatoro v. Bondi*, No. 1:26-CV-493-ABA, 2026 WL 1615264 (D. Md. June 4, 2026); *Gujral v. Liggins*, Civ. No. DLB-26-656, 2026 WL 1900218 (D. Md. July 2, 2026).

Petitioner fails to demonstrate that the IJ's denial of bond in his case violated the May 21st Order in any respect or that it fell short of due process. In that Order, the Court found that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a) and directed that he receive "a bond hearing pursuant to the regulations provided at 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d)." Petitioner does not allege that his bond hearing failed to satisfy the requirements contained in these regulations. In *Miranda*, the U.S. Court of Appeals for the Fourth Circuit recognized that the procedures established for detention and bond determinations in immigration court under § 1226(a) satisfy due process. 34 F.4th at 366. Specifically, the court noted that these

procedures provide "the fundamental features of due process—notice and an opportunity to be heard." *Id.* at 362. Here, Petitioner clearly had notice of his bond hearing and was represented by counsel, and he had the opportunity to present evidence and to be heard. *See* ECF Nos. 27-1 & 27-3.

Petitioner argues that his due process rights were violated by the "disproportionate weight" the IJ gave Petitioner's removal order and the denial of his application "over the many other factors that relate much more clearly to flight risk." ECF No. 27 at 7. But the Fourth Circuit has recognized that immigration judges are afforded discretion to "decide which factors are relevant in determining if an alien is entitled to bond" under § 1226(a), *Miranda*, 34 F.4th at 365, and has found no failure of due process in that exercise of discretion, *id.* at 366; *see also In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) (recognizing the "broad discretion" afforded under § 1226(a)). "[I]mmigration judges and the Board [of Immigration Appeals ('BIA')] have the guidance of a list of factors outlined in the agency's decision in *In re Guerra* to utilize in determining whether bond is warranted and under what conditions." *Miranda*, 34 F.4th at 362. The list of factors identified in *In Re Guerra* is "a non-exhaustive, but flexible menu of considerations relevant to detention decisions." *Id.* Importantly, the BIA recognized that immigration judges have "broad discretion in deciding the factors that [they] may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *In Re Guerra*, 24 I. & N. Dec. at 40. Petitioner cites no binding authority for the proposition that the Due Process Clause prescribes the manner in which an IJ must weigh and balance evidence presented to her at a bond hearing, or that it prohibits the IJ from weighing any single factor greater than others.

The BIA has held that an immigration judge may consider "the likelihood that relief from removal will be granted in determining whether an alien warrants bond." *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19. Indeed, this factor is relevant to determining the risk that a noncitizen will flee removal proceedings. At Petitioner's bond hearing, the IJ specifically found that entry of Petitioner's final order of removal and the denial of his asylum application provide an incentive for him to flee because he may reasonably conclude that he is "going to be removed" unless his appeal succeeds. ECF No. 27-3 at 10. Again, Petitioner identifies no authority to suggest that the IJ violated due process in making this finding or giving greater weight to his likelihood of removal than other factors.

Petitioner cites *Matter of Urena*, for the proposition that, after determining that Petitioner was not a danger to the community, the IJ should have "decide[d] the amount of bond necessary to ensure the respondent's presence at proceedings to remove him from the United States." 25 I. & N. Dec. 140, 142 (BIA 2009). But it is apparent from the transcript of the bond hearing that the IJ was concerned about whether Petitioner would be present for removal if he was released from custody under any circumstance. *See* ECF No. 27-3 at 9–10. Petitioner fails to identify any authority to suggest that due process required the IJ to state whether a bond could be set at a sufficient amount to mitigate this concern.

In sum, the Court is not convinced that the IJ abdicated her duty to make an individualized assessment of flight risk. Petitioner's concerns about the sufficiency of his bond hearing ultimately boil down to a difference of opinion with the IJ's concerns and conclusions. This Court cannot find that Petitioner did not receive the process he is due based on a mere difference of opinion. Petitioner's arguments may support relief on appeal to the BIA, but they are not grounds for

intervention by this Court. Petitioner received a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) and the May 21st Order. Section 1226(e) forbids this Court from reviewing or setting aside the IJ's decision to deny bond.

### III.   ORDER

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Petitioner's Motion to Enforce (ECF No. 27) is DENIED;

2.  The amended petition (ECF No. 16) is DISMISSED without prejudice;

3.  The Clerk SHALL CLOSE this case.

It is so ORDERED this 5th day of August, 2026.


_____/S/_____
Matthew J. Maddox
United States District Judge